# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# MARTINSBURG

**KENNETH SMITH,**

    Plaintiff,

v.                                                                                                      CIVIL ACTION NO.: 3:15-CV-57
                                                                                                        (GROH)

**JEFFERSON COUNTY BOARD OF
EDUCATION; MICHAEL MARTIRANO,**
State Superintendent; **FRANCIS COLLINS,**
Director; **NATIONAL INSTITUTE OF HEALTH;**
**ARNE DUNCAN,** Secretary of Education;
and **U.S. DEPARTMENT OF EDUCATION,**

    Defendants.

## MEMORANDUM OPINION AND ORDER
## GRANTING DEFENDANTS' MOTIONS TO DISMISS

On this day, the above-styled matter came before the Court for consideration of a Motion to Dismiss [ECF No. 6], filed by Defendants Jefferson County Board of Education ("JCBE") and Michael Martirano (collectively, "the West Virginia Defendants") and a Motion to Dismiss [ECF No. 24], filed by Defendants Francis Collins, National Institute of Health, Arne Duncan and U.S. Department of Education (collectively, "the Federal Defendants"). The West Virginia Defendants argue that the *pro se* Plaintiff's Complaint [ECF No. 1] fails to state a claim upon which relief can be granted and that dismissal is warranted under Federal Rule of Civil Procedure 12(b)(6). The Federal Defendants make a similar argument, and further argue that the Plaintiff lacks standing to sue them, as he has not alleged an injury fairly traceable to any federal Defendant. For the following reasons, the

Defendants' motions to dismiss are **GRANTED**.

## I. Background

The *pro se* Plaintiff filed his complaint in this Court on May 12, 2015. The three-page complaint alleges that the Defendants have "fostered the propagation of religious faith" in West Virginia public schools, by way of "denying the Plaintiff's accurate scientific mathematical system of genetic variations that proves evolution is a religion." As relief, the Plaintiff moves the Court to "declare the policy of evolution, as to be violating of the United States Constitutional Amendments." The Plaintiff alleges that he is a "tax paying citizen, supporting public schools,"[1] and he argues that this Court has jurisdiction over his claims pursuant to 28 U.S.C. §§ 1331, 1343 and 1981. He avers that the Defendants are liable for violations of his constitutional rights under the First and Fourteenth Amendments. He further asserts that the Defendants have violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to -17, and the Religious Freedom Restoration Act of 1993 ("RFRA"), 42 U.S.C. §§ 2000bb to -4.

On June 5, 2015, the West Virginia Defendants filed a motion to dismiss the

---

[1] In most of his filings, the Plaintiff, who is representing himself *pro se* and is not an attorney, has referenced his child. The Plaintiff's complaint alleges that the Defendants' actions have hampered his child's "ability to earn economic security and a good job in her chosen veterinarian medical field of work, by being taught a faith base [sic] (evolutionary ideology) that just doesn't exist and has no math to back it." Subsequently, in his motion to address Roseboro notice, which this Court construes as his response to the West Virginia Defendants' motion to dismiss, the Plaintiff avers that he suffered injuries "from child's inadequate education to be competitive in the future global job market." Generally, non-attorney parents "may not litigate the claims of their minor children in federal court." Myers v. Loudoun Cty. Pub. Sch., 418 F.3d 395, 401 (4th Cir. 2005) (collecting cases and finding that the "vast majority" of federal circuit courts of appeals follow the same rule). In the first of his two motions for leave to amend his complaint, the Plaintiff moves the Court "to add daughter to complaint." The Plaintiff has not referenced his daughter's age in any of his filings with this Court. To the extent the *pro se* Plaintiff seeks to bring his claims against the Defendants on behalf of his minor daughter, he is forbidden from so proceeding. The Plaintiff's motions for leave of court to amend his complaint are denied because the amendment would be futile. See Johnson v. Oroweat Foods Co., 785 F.2d 503, 509 (4th Cir. 1986). His claims are clearly insufficient, regardless of his daughter's status in this case, and his claims must be dismissed.

Plaintiff's complaint, pursuant to Federal Rule of Civil Procedure 12(b)(6) and other grounds for dismissal. On June 8, 2015, the Court issued notice pursuant to the requirements established in Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975) (per curiam), advising the *pro se* Plaintiff of his burden in responding to a motion to dismiss under Rule 12(b)(6). On June 24, 2015, the Plaintiff filed a motion to address Roseboro notice, which this Court construes as a response to the West Virginia Defendants' motion to dismiss. The West Virginia Defendants filed a reply to the Plaintiff's response on June 30, 2015.

On July 16, 2015, the Federal Defendants filed a motion to dismiss the Plaintiff's complaint, arguing that the Plaintiff lacks standing and failed to state a claim upon which relief can be granted. In light of the Federal Defendants' motion, the Court issued a second Roseboro notice on July 20, 2015. The Plaintiff filed a response to the Federal Defendants' motion to dismiss on July 27, 2015.

In addition to his responses to the motions to dismiss, the Plaintiff has filed a series of motions and other documents. On June 8, 2015, he filed a document titled "statement of the case," together with sixty exhibits. Ten days later, he filed a motion for settlement and a motion to strike. On July 1, 2015, he filed a motion to address discovery.[2] Since that time, he has continued to file repetitive motions and other documents. The Court has reviewed each of the Plaintiff's filings and finds that all of his motions should be denied.

The Court notes that the Plaintiff has engaged in similar litigation in the past. In a

---

[2] The basis for the Plaintiff's motion for discovery appears to be his frustration at being unable to directly contact the individual Defendants named in his complaint. The Plaintiff avers that he was unable to reach a Jefferson County Superintendent and Defendant Martirano and that he was placed on hold for several minutes when he called Defendant Martirano's office. It is unclear whether the Plaintiff attempted to contact the attorney representing the West Virginia Defendants in this matter. On June 26, 2015, the Court vacated its first order and notice regarding discovery and scheduling conference pursuant to Local Rule of Civil Procedure 16.01(g)(15).

case that was removed to the Northern District of West Virginia in February of 2007, Civil Action No. 3:07-CV-25, the Plaintiff alleged that the JCBE violated federal law by failing to teach students his "pertinent scientific and historical knowledge" which disproved evolution by discovering "the missing link between man and ape." The court dismissed that case on May 8, 2007, for failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6). Three years later, in July of 2010, the Plaintiff filed a complaint against the National Institute of Health and the State of West Virginia, Civil Action No. 3:10-CV-73, in which he again argued that evolution was a type of "ideology scientific religious belief." The district court once again dismissed the Plaintiff's complaint pursuant to Rule 12(b)(6), among other grounds warranting dismissal. The next year, in June of 2011, the Plaintiff filed a complaint against the Postmaster General, the National Institute of Health and the U.S. Department of Education, Civil Action No. 3:11-CV-48, in which he alleged that the defendants violated Title VII of the Civil Rights Act of 1964. The Plaintiff averred that he worked at a mail processing and distribution center in Dulles, Virginia, and that the defendants discriminated against him after he expressed his viewpoints concerning his genetic research. The Northern District of West Virginia court transferred the case to the Eastern District of Virginia, the district in which the alleged discrimination occurred, pursuant to 42 U.S.C. § 2000e-5(f)(3). The Eastern District of Virginia court dismissed that case in March of 2012.

The instant case presents an amalgam of the defendants and claims involved in those earlier proceedings.[3] Here, as in the 2007 litigation, the Plaintiff has named the

---

[3] The West Virginia Defendants argue that the Court should find the Plaintiff's claims barred by the doctrine of res judicata, and furthermore that the Court should impose appropriate sanctions against the

4

JCBE as a defendant, but he has also named multiple federal defendants that were sued in 2010 and 2011. Once more, he has asserted claims concerning public schools and their refusal to stop teaching evolution and to start teaching his "mathematical system of genetic variations," and he again has alleged unlawful employment discrimination under Title VII.

## II. Standard of Review

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1356 (1990)). When reviewing a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court must assume all of the allegations to be true, must resolve all doubts and inferences in favor of the plaintiff, and must view the allegations in a light most favorable to the plaintiff. Edwards v. City of Goldsboro, 178 F.3d 231, 243-44 (4th Cir. 1999). But a complaint must be dismissed if it does not allege "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "[T]he pleading standard Rule 8 announces does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal quotation marks omitted).

---

Plaintiff. This Court possesses the inherent power to sanction in narrowly defined circumstances, but that power must be exercised with restraint and discretion. See Roadway Express, Inc. v. Piper, 447 U.S. 752, 764-65 (1980). While the Court elects not to impose sanctions at this time, let the Plaintiff be forewarned: his claims as presented in this case are without merit. If the Plaintiff, acting in bad faith, brings the same or virtually similar claims again, the Court will be inclined to impose a sanction in an amount appropriate to deter abusive litigation practices.

A complaint that offers "labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." Id. (citation and internal quotation marks omitted). Likewise, a complaint that tenders only "naked assertion[s] devoid of further factual enhancement," does not suffice. Id. (alteration in original) (citation and internal quotation marks omitted). A party is required to articulate facts that, when accepted as true, "show" he is plausibly entitled to relief. Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009) (citing Iqbal, 556 U.S. at 678; Twombly, 550 U.S. at 557). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" Iqbal, 556 U.S. at 679 (alteration in original) (citing Fed. R. Civ. P. 8(a)(2)).

When a Plaintiff is proceeding *pro se*, district courts should construe his complaint liberally. See Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985). But the principles that require "generous construction of *pro se* complaints" are not without limits. Id. Pertinent to the instant case, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." Iqbal, 556 U.S. at 678. Accordingly, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (citing Twombly, 550 U.S. at 555).

In this case, the Plaintiff has filed motions to strike, pursuant to Federal Rule of Civil Procedure 12(f). Rule 12(f) provides, "The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. The court may act . . . on motion made by a party either before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading." Fed. R. Civ. P. 12(f). Motions to strike are generally disfavored and infrequently granted, because

striking of a pleading is a drastic remedy. Waste Mgmt. Holdings, Inc. v. Gilmore, 252 F.3d 316, 347 (4th Cir. 2001). Generally, such motions are denied "unless the allegations attacked have no possible relation to the controversy and may prejudice the other party." Steuart Inv. Co. v. Bauer Dredging Constr. Co., 323 F. Supp. 907, 909 (D. Md. 1971).

The Plaintiff has also filed motions to amend his complaint. Federal Rule of Civil Procedure 15 governs the amendment of pleadings. Pursuant to Rule 15(a)(1), a party may amend its pleading once as a matter of course within twenty-one days after serving it or, if the pleading requires a response, within twenty-one days after service of a responsive pleading or a motion under Rule 12(b), (e) or (f). Fed. R. Civ. P. 15(a)(1). When, as in the instant case, those time limits have not been met, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). "[L]eave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." Johnson v. Oroweat Foods Co., 785 F.2d 503, 509 (4th Cir. 1986) (citing Foman v. Davis, 371 U.S. 178, 182 (1962)).

### III. Discussion

In his complaint, the Plaintiff alleges that the Defendants have violated his constitutional rights by teaching evolution in Jefferson County classrooms, and by refusing to teach students the Plaintiff's theory, which amounts to a "mathematical system of genetic variations." He also puts forward bare allegations of violations under Title VII and RFRA. As the Federal Defendants argue in their motion to dismiss, the Plaintiff's complaint and

7

his subsequent filings fail to allege any wrongdoing on the part of the federal agencies or officials he names as Defendants. Accordingly, as the Plaintiff fails to identify a personal injury fairly traceable to the Federal Defendants' allegedly unconstitutional conduct, he lacks standing to assert a claim against them.

In order to satisfy the requirements of the standing doctrine, a plaintiff must first demonstrate that he has suffered an "injury in fact," such injury being concrete and particularized, and actual or imminent. See Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992). Next, he must establish that the injury is fairly traceable to the challenged action of the defendant. Id. Finally, it must be likely, as opposed to merely speculative, that the injury can be redressed by a favorable judicial decision. Id. at 561. Here, liberally construing the *pro se* Plaintiff's filings as alleging redressable injuries, the Plaintiff's complaint still fails to establish any hint of causation as to the Federal Defendants. Indeed, the Plaintiff's allegations do not allege any facts relating to the National Institute of Health or the U.S. Department of Education. As the Federal Defendants aver in their motion to dismiss, neither the National Institute of Health nor the U.S. Department of Education set curricula or control content standards for institutions such as the Jefferson County Board of Education. Accordingly, the Plaintiff cannot show that any injury he sustained is fairly traceable to the Federal Defendants' alleged wrongdoing. Therefore, as the Plaintiff lacks standing to bring the instant claims against the Federal Defendants, his complaint is dismissed as to those Defendants pursuant to Federal Rule of Civil Procedure 12(b)(1). Even if the Court were to find that the Plaintiff's claims against the Federal Defendants were validly before the Court, the Court would be compelled to grant the Federal Defendants' motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), for failure

to state a claim upon which relief can be granted, as the Plaintiff fails to allege any facts concerning illegal actions taken by the Federal Defendants.

The Plaintiff's allegations under Title VII of the Civil Rights Act of 1964 and RFRA are plainly insufficient to survive the Defendants' motions to dismiss. Indeed, the Plaintiff's allegations, which consist of fleeting references to federal law followed by diatribes against the Defendants, do not constitute even "[t]hreadbare recitals of the elements of a cause of action," Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 555), much less plausible claims to relief. Title VII of the Civil Rights Act of 1964, at 42 U.S.C. § 2000e-2(a), prohibits employers from discriminating against individuals because of race, color, sex, or national origin. But here, the Plaintiff has not alleged that any Defendant is or was his employer. Likewise, the Plaintiff's RFRA claims fail under Rule 12(b)(6), even with all doubts and inferences taken in his favor. As concerns the West Virginia Defendants specifically, the U.S. Supreme Court has invalidated RFRA as applied to states, City of Boerne v. Flores, 521 U.S. 507, 533-36 (1997), and in response Congress passed the Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA"), 42 U.S.C. §§ 2000cc to -5. The Plaintiff has not alleged any facts concerning a land use regulation or his status as an institutionalized person under RLUIPA. See 42 U.S.C. §§ 2000cc to -5; 42 U.S.C. § 1997.

In addition to his brief references to the statutory provisions discussed above, the Plaintiff's filings contain terse allegations that the Defendants violated his constitutional rights. In his complaint, these allegations are confined to the first sentence, which reads, "This civil rights action raises federal question under the First and Fourteenth

Amendments . . . ."[4]  As best this Court can tell, the Plaintiff's First and Fourteenth Amendment claims relate to the West Virginia Defendants' refusal to teach public school students the Plaintiff's "mathematical system of genetic variations that proves evolution is a religion."  In addition to lacking any legal or factual support, the Plaintiff's constitutional claims fail in that they seek relief in the form of an order that would require the Defendants to act unconstitutionally.  In Edwards v. Aguillard, 482 U.S. 578, 581 (1987), the Supreme Court considered the constitutionality of the Louisiana Creationism Act, which forbade the teaching of evolution in public schools "unless accompanied by instruction in 'creation science.'"  The Court found that the primary purpose of the Louisiana statute, which "sought to alter the science curriculum to reflect endorsement of a religious view that is antagonistic to the theory of evolution," was to restructure the state's science curriculum "to conform with a particular religious viewpoint." Id. at 592-94.  Accordingly, as the Creationism Act required "either the banishment of the theory of evolution from public school classrooms or the presentation of a religious viewpoint that rejects evolution in its entirety," the act violated the Establishment Clause of the First Amendment. Id. at 596-97.  In the instant case, the Plaintiff explicitly moves the Court to declare the teaching of evolution to be unconstitutional.  Generously construed, his First and Fourteenth Amendment claims ask the Court to mandate that public schools in Jefferson County teach the Plaintiff's theories of science and religion, which, to put it mildly, are antagonistic to the theory of evolution.

---

[4] A review of the Plaintiff's other filings provides little, if any, additional insight into the factual basis for his claims.  In his statement of the case, the Plaintiff seems to allege that his First Amendment rights have been violated because he cannot "freely express his ideas on issues of religious concern at Jefferson County Board of Education, State and Federal agencies."  Elsewhere in his statement of the case, the Plaintiff alleges that "[b]y blatant denial to terminate his First Amendment activities, because of his out spoken Christian and Genetic beliefs, Defendants by policy and practice have treated Plaintiff differently than similarly-situated scientist."  The Plaintiff's motion for settlement and his motions to strike reiterate claims about his research.

"The Establishment Clause, however, 'forbids *alike* the preference of a religious doctrine *or* the prohibition of theory which is deemed antagonistic to a particular dogma.'" Id. at 593 (quoting Epperson v. Arkansas, 393 U.S. 97, 106-07 (1968)). This Court cannot order the West Virginia Defendants to instruct students in a manner that would violate the Constitution.

Even with all doubts and inferences resolved in the Plaintiff's favor and with his allegations viewed in a light most favorable to him, the Plaintiff's complaint must be dismissed.

## IV. Conclusion

Accordingly, the Court **ORDERS** that the West Virginia Defendants' Motion to Dismiss [ECF No. 6] and the Federal Defendants' Motion to Dismiss [ECF No. 24] are hereby **GRANTED**. The Court **ORDERS** that the Plaintiff's Complaint, [ECF No. 1], be **DISMISSED WITH PREJUDICE**, and that this matter be stricken from this Court's active docket. The Court further **ORDERS** that the Plaintiff's motions [ECF Nos. 14, 15, 16, 19, 21, 23, 28, 30, 31, 34, 38, 40, 41 and 42] are **DENIED**. The West Virginia Defendants' Motion to Declare Briefing Closed [ECF No. 32] and the Plaintiff's response to that motion [ECF No. 33] are **DENIED AS MOOT**. The Plaintiff's motions for leave to amend his complaint [ECF Nos. 35 and 36] are **DENIED**.

The Clerk is **DIRECTED**, pursuant to Federal Rule of Civil Procedure 58, to enter a separate judgment order in favor of the Defendants.

The Clerk is **DIRECTED** to transmit copies of this Order to all counsel of record and to mail a copy to the *pro se* Plaintiff by certified mail, return receipt requested, at his last

known address as shown on the docket sheet.

**DATED**: August 25, 2015

GINA M. GROH
CHIEF UNITED STATES DISTRICT JUDGE